IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH LOCKLEAR                    :

   v.                               :   Civil Action No. DKC 19-0659

WALMART, INC., et al.               :

**MEMORANDUM OPINION**

     Plaintiff Deborah Locklear filed a complaint in state court against Defendants Walmart, Inc. and Walmart Real Estate Business Trust (collectively "Defendants" or "Walmart") for negligence. (ECF No. 1). She alleges that, on April 23, 2016, at approximately 6:00 p.m., she was loading groceries into her car in the Walmart parking lot when she stepped into a large pothole and fell. She contends that Walmart breached the duty of care to her as an invitee by failing to maintain premises, failing to inspect the premises, failing to correct or repair the hazardous or dangerous condition, failing to warn, and otherwise. Walmart removed the case to this court, the parties engaged in discovery, and participated in alternative dispute resolution ("ADR"). Walmart then filed a motion for summary judgment. (ECF No. 26). After Plaintiff's counsel was permitted to withdraw (ECF No. 28), and Plaintiff's motion for appointment of counsel was denied (ECF No. 31), she responded to

the summary judgment motion (ECF No. 32). Walmart filed a reply. (ECF No. 33). No hearing is deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.  Background**

Walmart has supplied Plaintiff's version of the incident as recounted at her deposition. She testified that she drove to the Walmart, parked in a handicapped space, and exited her car. She was using a cane, had no difficulty walking, and did not see anything unusual about the parking lot before she went into the store. She was inside for about an hour and returned to her car with a small plant and bottled soda in a shopping cart. She placed the soda in the trunk of her car, pushed the cart along the driver's side, and opened the rear door to place the plant in the backseat. She said that, as she picked up the plant from the cart, she fell.

Walmart provided video surveillance footage for a nearly four-hour period spanning the time before and after Plaintiff's trip. It shows that the weather was clear and sunny. Plaintiff arrived just before 5:30 p.m. and, while there was a vehicle in the adjacent space when she pulled in, that car pulled out before Plaintiff got out of her own car. Plaintiff gets out and stands at the rear of her own car for a couple of minutes; another car pulls into the adjacent space, and Plaintiff walks

in between the cars before she walks toward the store.  She returned to her car just before 6:30 p.m., loads items into the trunk, pushes the cart toward the rear driver's side door, but moves it back behind her car before lifting the plant, moving toward that rear passenger door, and falling as she opens the rear door.

A store employee took photos of the shallow depression she saw in the pavement next to Plaintiff's car.  It was less than 1" deep and contained visible loose gravel.  Defendants also supply the deposition testimony of their corporate designee concerning store policy as to inspection of the parking lot by management and the duties of cart pushers who notice defects. Potentially hazardous conditions are to be blocked off until repairs can be made.  The store claims to have had no actual notice of the depression in the pavement before Plaintiff's incident.  Walmart also refers to the expert report and testimony of Anthony Shinsky, designated by Plaintiff.  Walmart asserts that the photograph on which his testimony relies was taken some time after the date of the incident.  They also present a rebuttal report from an expert of their own.

Plaintiff's response includes photos taken on January 30, 2020, which Plaintiff contends show that Walmart does not block off potholes needing repairs.  She does not seem to contend that

3

the potholes in those photos represent the condition of the parking lot at the time of her fall.

**II. Standard of Review**

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (2001). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 251-22. Instead, the evidentiary materials must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* The facts are to be taken in the light most favorable to the party opposing summary judgment, the non-moving party.

**III. Analysis**

Walmart presents several arguments: (1) lack of evidence that Walmart had notice of the existence of any dangerous or defective condition, (2) no liability where the defective condition was open and obvious, and (3) Plaintiff assumed the risk of injury and was contributorily negligent.

4

Ms. Locklear was a business invitee to whom Walmart owed a duty to use reasonable and ordinary care to keep the premises safe and to protect her from injury caused by an unreasonable risk which she, by exercising ordinary care for her own safety, would not discover.  *Palmer v. Brown*, No. 19-02267-JMC, 2020 WL 1812865, at *3 (D.Md. April 9, 2020).  On the other hand, "[a]n owner or occupier ordinarily has no duty to warn the invitee of open, obvious, and patent dangers."  *Id.* (citing *Coleman v. United States*, 369 Fed.App'x 459, 462 (4th Cir. 2010).  Specifically, as noted in *Johnson v. Wal-Mart Stores, Inc.*, No. 19-0854-TJS, 2020 WL 58302, at *2 (D.Md. Jan. 6, 2020):

> The duty of the proprietor of a store to an invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):
>
>> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition.  The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

Magistrate Judge Sullivan also discussed the notice element of a negligence action:

> "The burden is upon the customer to show that the proprietor . . . had actual or constructive knowledge

> that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md.App. 586, 593 (2003) (internal quotation marks omitted).  A storeowner may be deemed to have constructive notice of a dangerous condition "if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 120 (1955).  "What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md.App. at 593.

*Johnson*, 2020 WL 58302 at *3.

Cases in which summary judgment has been denied on the issue of notice, actual or constructive, often involve situations where the defendant might have created the hole, *Pickett v. Marriott Int'l, Inc.*, No. 15-1083-TJS, 2017 WL 2687789, at *3 (D.Md. June 22, 2017), or where the hole was a recurring problem, *Levins v. Lippincott Sailing Yachts, Inc.*, No. 08-3186-BPG, 2009 WL 10727319, at *3 (D.Md. Dec. 17, 2009). Constructive notice was determined to be a jury question in *Hayes v. Cedar Fair Entertainment Company*, 2019 WL 342069 (D.S.C. January 28, 2019).  In *Hayes*, the plaintiff's expert testified "that the area of the parking lot where [the plaintiff] fell was not level and such an uneven surface 'would

6

have been created over an extended period of time.'" *Id.* at *5. The defendant's representative substantiated that conclusion by testifying "that the area where [the plaintiff] fell contained a discernible depression and should/would have been inspected . . . in the six months prior to the incident." *Id.* (internal quotation marks omitted). The district court concluded a genuine issue of material fact existed "as to whether the depression in the area where [the plaintiff] fell existed for a sufficient length of time prior to the accident to permit [the defendant] to have constructive knowledge of the dangerous condition." *Id.*

Walmart is not entitled to summary judgment on the question of constructive notice. This parking lot was obviously prone to so-called potholes which were progressive, and not abrupt, in creation. Walmart admits as much when it reveals the inspection routines regularly in use. This pothole, or depression, while not overly deep, was fairly wide and obliterated part of the lane marking. It could not have appeared just before Plaintiff's fall. It is possible for a jury to find that Walmart had constructive notice of its existence.

By the same token, however, any dangerous condition was also open and obvious to invitees like Plaintiff. While there is no "exact test or formula" for determining when a condition is open and obvious, defects in sidewalks, walkways, and

7

certainly parking lots are among the types of conditions of which pedestrians ought to take notice. *Gellerman v. Shawan Road Hotel Ltd. P'ship*, 5 F.Supp.2d 351, 353 (D.Md. 1998). Plaintiff drove into and parked in a parking lot where potholes of various stages of development were visible. She parked in a space with a pothole spanning, and obliterating, the lane marking on the driver's side of her automobile. It was still daylight (sunset was not until after 7:45 p.m.)[1] and nothing obstructed her view as she left the car. Although she claims that the cart itself blocked her view upon her return, there was only the small plant inside the typical wire meshed cart. Moreover, when incontrovertible visual evidence exists, a party may not manufacture a dispute of fact by faulty recollection. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *Hall v. WMATA*, 33 F.Supp.3d 630, 632 (D.Md. 2014). As noted above, the video footage shows that Plaintiff moved the cart to the rear of her

---

[1] *See* The Old Farmer's Almanac, http://www.almanac.com/astronomy/sun-rise-and-set (last visited July 27, 2020). The court used zip code 21222 for the Dundalk Walmart store located on North Point Boulevard in Baltimore County, Maryland. (ECF No. 1-2, ¶ 8). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Old Farmer's Almanac is "a source whose accuracy cannot reasonably be questioned." *Bonkowski v. Oberg Indus., Inc.*, 992 F.Supp.2d 501, 511 (W.D.Pa. 2014).

car before lifting the plant and moving toward the rear driver's side door.

Thus, Defendants are entitled to summary judgment because the condition, even if hazardous, and even if Walmart had notice, was of the type that Walmart could expect an invitee to notice and take care.

It, thus, is not necessary to discuss Walmart's final argument regarding assumption of the risk or contributory negligence.  Contributory negligence, however, has been found as a matter of law in cases where a customer falls because of a pothole in a parking lot.  *Beach v. Costco Wholesale Corp.*, 2020 WL 1879016, at *3 (W.D.Va. Apr. 15, 2020) (citing *Richards v. Wal-Mart Stores E., L.P.*, 2008 WL 1860198, *3-4 (W.D.Va. Apr. 25, 2008)).

### IV. Conclusion

For these reasons, Walmart's motion for summary judgment will be granted by separate order.

/s/
DEBORAH K. CHASANOW
United States District Judge
